## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

SERGIO QUITO,                    )
                                 )
    Petitioner,          )
                                 )
v.                               )     Case No.: 4:19-cv-00739-ACA-HNJ
                                 )
JONATHAN HORTON, et al.,         )
                                 )
    Respondents.         )

## MEMORANDUM OPINION

On December 13, 2019, the magistrate judge entered a report recommending this action be dismissed without prejudice. (Doc. 13). Petitioner, through counsel, filed timely objections. (Doc. 14).

Petitioner first objects to the magistrate judge's finding that his detention is governed by 8 U.S.C. § 1231. (Doc. 14 at 4-5). Although Petitioner agrees with the magistrate judge's determination that he is subject to an administratively final order of removal, he argues that his detention is governed by 8 U.S.C. § 1226 rather than § 1231 once the Second Circuit Court of Appeals granted his stay of removal. (*Id.*). Petitioner asserts that the magistrate judge "draw[s] the unsupported conclusion that his detention is governed by Section 1231." (*Id.* at 5).

Petitioner obtained a stay of removal from the Second Circuit, effectively halting the six month presumptively reasonable removal period under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)

(noting challenges to a final order of removal "interrupt[ ] the running of time under

*Zadvydas*"). In this Circuit, a stay of removal suspends the time period set forth by §

1231(a)(1), rather than causing the detention to revert to § 1226.[1] *Linares v. Dep't of*

*Homeland Sec.*, 598 F. App'x 885, 887 (11th Cir. 2015); *Davis v. Rhoden*, No. 19-20082-

CV-SCOLA, 2019 WL 2290654, *6-7 (S.D. Fla. Feb. 26, 2019); *Deacon v. Shanahan*, No.

4:15-cv-00407-CLS-HGD, 2016 WL 1688577, *5 (N.D. Ala. Apr. 1, 2016). While other

Circuits have decided this issue differently, *see, e.g., Hechavarria v. Sessions*, 891 F.3d 49,

57 (2d Cir. 2018), this court is bound to follow the Eleventh Circuit's precedent.[2] That

---

[1]    Petitioner's arguments conflate the "final order of removal" with the "removal period." Section 1226, by its terms, applies only prior to entry of a "final order of removal." In contrast, as relevant here, after entry of a final order of removal, the "removal period" begins to run only when, "if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii). To hold § 1226 reapplies after entry of a final order of removal, based on the petitioner's decision to seek review and a stay of removal in a Circuit Court, requires an implicit finding that the challenged Order of Removal loses its status as a "final" order. But without that finality, the need to obtain a stay of removal becomes superfluous. *See, e.g., Adu v. U.S. Attorney Gen.*, 785 F. App'x 776, 785 n.3 (11th Cir. 2019) (noting "our jurisdiction is limited to reviewing final orders of removal").

[2]    In *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018), the Second Circuit rejected the government's argument "that Section 1226 governs only the detention of aliens before a removal order is issued," finding "the plain language of the statute itself" contradicted the government's position and that § 1226 "governs the detention of immigrants who are not immediately deportable." The Second Circuit also observed "that all other circuits to have considered this issue," excepting the Eleventh Circuit in *Akinwale*, "arrived at the same conclusion." *Id.* (citing *Leslie v. Att'y Gen. of the U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) ("Our review indicates that every circuit to consider the issue has held that § 1226, not § 1231, governs detention during a stay of removal."), *abrogated in part on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1057-58 (9th Cir. 2008) (holding that "the Attorney General's statutory authority to detain Prieto-Romero, whose administrative review is complete but whose removal is stayed pending the court of appeals' resolution of his petition for review, must be grounded in § 1226(a)"); *Bejjani v. INS*, 271 F.3d 670, 689 (6th Cir. 2001) (holding that Section 1231's "removal period" does "not begin until the date of the Court's final order"), *abrogated in part on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

precedent states when Petitioner filed a motion to stay in the Second Circuit, the presumptively reasonable removal period under § 1231 ceased to run. *See Akinwale*, 287 F.3d at 1052 n.4 (holding that § 1231 applied to a petitioner's stay of removal pending the outcome of his petition for review); *see also De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.") (emphasis in original). Accordingly, Petitioner's objection is overruled.

In his second objection, Petitioner asserts that the magistrate judge misapplied the *Zadvydas* standard by requiring him to show his removal will never occur and failing to take into account his substantial likelihood of success in the Second Circuit on his petition for review. (Doc. 14 at 5-7). The report and recommendation belies this contention because the magistrate judge did not require Petitioner to prove his removal would "never occur." (Doc. 13 at 5). Rather, the magistrate judge found Petitioner was not entitled to relief because he has not demonstrated that his removal "in the reasonably foreseeable future" is unlikely pursuant to *Zadvydas*. (Doc. 13 at 12-14). Moreover, Petitioner's claim that he maintains a strong probability of success in the Second Circuit fails since the Circuit Court denied Petitioner's petition for review on January 15, 2020, finding his conviction for attempted possession of a sexual

performance by a child to be an aggravated felony. *See* Opinion, *Quito v. Barr*, No. 18-996, (2d Cir. Jan. 15, 2020), ECF No. 96. Therefore, the court overrules Petitioner's second objection.

Lastly, Petitioner argues in his third objection that the Second Circuit's stay order does not stop the six-month clock of the presumptively reasonable removal period under *Zadvydas*. (Doc. 14 at 7-8). However, Petitioner's argument is also undermined by the Eleventh Circuit's holding in *Akinwale* which held that a challenge to a final order of removal "interrupt[s] the running of time under *Zadvydas*." 287 F.3d 1050, 1052 n.4 (11th Cir. 2002). The holding in *Akinwale* establishes precedent for this Circuit and is binding on this court in its adjudication of Petitioner's claims. Because Petitioner had been detained pending deportation for less than the presumptively reasonable six months at the time his petition was filed, it is subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*.").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court **OVERRULES** the Petitioner's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. Accordingly, this action is due to be dismissed without prejudice.

A separate order will be entered.

**DONE** this 22nd day of January, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE