# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SERGIO QUITO, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 4:19-cv-00739-ACA-HNJ |
| JONATHAN HORTON, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On December 13, 2019, the magistrate judge entered a report recommending that the court dismiss this action without prejudice. (Doc. 13). Petitioner Sergio Quito, through counsel, filed timely objections. (Doc. 14).

Mr. Quito lodges three objections to the magistrate judge's report and recommendation. First, Mr. Quito objects to the magistrate judge's finding that his detention is governed by 8 U.S.C. § 1231 and not 8 U.S.C. § 1226. (Doc. 14 at 4–5). Second, Mr. Quito objects that the magistrate judge misapplied the Supreme Court's construction of § 1231 in *Zadvydas v. Davis*, 533 U.S. 678 (2001), by requiring him to show his removal will never occur and by failing to take into account his substantial likelihood of success in the Second Circuit on his petition for review. (Doc. 14 at 5–7). Third, Mr. Quito objects to the magistrate judge's finding that a judicial stay of removal interrupts the removal period For *Zadvyas's* six-month clock. (Doc. 14 at 7–8).

The court will address Mr. Quito's first and third objections together because both challenge the applicability and binding effect of the Eleventh Circuit's decision in *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002).

Mr. Quito first objects to the magistrate judge's conclusion that his detention is governed by 8 U.S.C. § 1231. (Doc. 14 at 4–5). Mr. Quito agrees with the magistrate judge's determination that he is subject to an administratively final order of removal. But he argues that his detention is governed by 8 U.S.C. § 1226 rather than 8 U.S.C. § 1231 because the Second Circuit Court of Appeals granted his stay of removal pending resolution of his petition for review. (*Id.*). Mr. Quito asserts that "the plain language and underlying structure and purpose of the statutory scheme dictate that his detention is governed by Section 1226 because, according to 8 U.S.C. § 1231(a)(1)(B), his removal period has not yet begun." (Doc. 14 at 4).

In the Eleventh Circuit, a stay of removal suspends the time period set forth by § 1231(a)(1), rather than causing the detention to revert to § 1226. *Akinwale*, 287 F.3d at 1052 n.4 (challenges to a final order of removal "interrupt[ ] the running of time under *Zadvydas*"). Therefore, when the Second Circuit granted Mr. Quito's stay of removal, the reasonable removal period under § 1231 ceased to run. *See id.* (holding that § 1231 applied to a petitioner's stay of removal pending the outcome of his petition for review); *see also De La Teja v. United States*, 321

F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to § 1226(c), which governs *only* detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.") (emphasis in original). Accordingly, the court overrules Mr. Quito's first objection.

In his third objection, Mr. Quito argues that the Second Circuit's stay order does not stop the six-month clock of the presumptively reasonable removal period under *Zadvydas*. (Doc. 14 at 7–8). However, as explained above, Mr. Quito's argument is foreclosed by the Eleventh Circuit's holding in *Akinwale* that a challenge to a final order of removal "interrupt[s] the running of time under *Zadvydas*." 287 F.3d at 1052 n.4. Because Mr. Quito had been detained pending deportation for less than the presumptively reasonable six-month period of time when he filed his petition for review in the Second Circuit, his § 2241 petition in this court is subject to dismissal without prejudice as premature.[1] *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time

---

[1] The court notes that on January 15, 2020, the Second Circuit denied Mr. Quito's petition for review and lifted the stay of removal. *See* Slip Op., *Quito v. Barr*, No. 18-996, (2d Cir. Jan. 15, 2020), ECF No. 96. Therefore, Mr. Quito's removal period has now begun to run under § 1231(a)(1)(B)(ii). But because less than six months have passed since January 15, 2020, the petition remains premature.

Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). Accordingly, the court overrules Mr. Quito's third objection.

Mr. Quito's second objection asserts that the magistrate judge misapplied the second prong of the *Zadvydas* standard by requiring him to show his removal will never occur and by failing to consider his substantial likelihood of success in the Second Circuit on his petition for review. (Doc. 14 at 5–7). As explained above, the magistrate judge correctly found that Mr. Quito's petition is premature under § 1231, and therefore, due to be dismissed without prejudice. Because the petition is premature, any commentary from the court about Mr. Quito's ability or inability to sustain his burden under *Zadvydas's* second prong would be advisory in nature. Accordingly, the court does not address the magistrate judge's findings in that regard or Mr. Quito's objection to the magistrate judge's reasoning on this issue.

Having reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Mr. Quito's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation to the extent the magistrate judge recommends dismissal of Mr. Quito's petition without prejudice as premature under § 1231.

Because Mr. Quito's petition is premature, the court does not adopt the magistrate judge's report to the extent he alternatively recommends dismissal of the petition based on Mr. Quito's inability to demonstrate that his removal in the

foreseeable future is unlikely under *Zadvydas*. The court makes no finding with respect to that issue.

The court will enter a separate order dismissing this case without prejudice.

**DONE** and **ORDERED** this January 29, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE